

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/12/26 _____



**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

August 1, 2025

**VIA ECF and EMAIL alcarternysdchambers@nysd.uscourts.gov**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Raul de la Cruz v. City of New York, et. al., 24 Civ. 2289 (ALC)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants City of New York, Mayor Eric Adams, Keechant Sewell, Edward A. Caban, Derek Bernard, Nicholas Trupia and Elyjah Bennett, in the above-referenced matter.  We write to respectfully request that discovery be stayed pending the outcome of defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., which were fully briefed as of July 3, 2025.

District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion.  Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC, 19 Civ. 7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2019) (internal citations omitted).  In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  Id. (internal citations omitted).  A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation. Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002); see also Rakchi v. City of New York, 24 Civ. 1312 (KAM)(MMH), 2025 U.S. Dist. LEXIS 14315, at *2 (E.D.N.Y. Jan. 24, 2025) (M.J. Henry) (granting stay pending outcome of motion to dismiss where the City had presented "substantial arguments" in support of dismissal).

Defendants motion for a stay should be granted for a number of reasons. First, defendants have made a strong showing that plaintiff's claims are unmeritorious, and thus, certainly, there are substantial grounds for the motions to dismiss. Given that the motions are now fully briefed, defendants refer the Court to defendants' briefs as to the substantive arguments which were presented by defendants. However, a few points are worth reiterating here. Most of the claims that plaintiff is making in this case are the exact same claims that were rejected by Judge Preska upon defendants' motions to dismiss in 21 Civ. 05762 (LAP). So, as argued throughout the briefing in the motions to dismiss herein, plaintiff, with many of the same counsel that represent the plaintiffs in Greene, are seeking a "second bite at the apple" as to claims that were rejected by Judge Preska, including his central claim, that there is a requirement that the City send a team of mental health providers to emergency responses involving EDPs, although state law clearly says exactly the opposite. See N.Y. Mental Hyg. Law §9.41. As argued in defendants' motions, plaintiff is also bringing virtually the exact same Monell claim, namely that the City has a practice of using excessive force against EDPs that was rejected by Judge Preska in Greene, as well as claims against City officials such as Mayor Adams, Keechant Sewell and Edward A. Caban, which were dismissed by Judge Preska as well. Finally, the video of the subject incident, which plaintiff incredibly has argued should not even be considered by the Court upon defendants' motions to dismiss, clearly shows that plaintiff charged at the first responding officers P.O.s Bernard and Trupia, which caused the shooting. Clearly, defendants have made a sufficient showing as to the strength of their motions to dismiss to warrant the requested stay of discovery pending the outcome of those motions.

Second, a stay would benefit both sides by avoiding the burden and expense of burdensome discovery that may well prove unnecessary. See Integrated Sys. & Power v. Honeywell Int'l, 09 Civ. 5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12 Civ. 5126, 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)); Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05 Civ. 5105 (DRH)(ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated). If defendants' motion is granted, no discovery at all will be necessary. At the very least, however, obtaining a decision on defendants' motion to dismiss would reduce the amount of necessary discovery by eliminating non-meritorious claims.[1]

---

[1] The City has also moved to dismiss plaintiff's Monell claims. Separate and apart from that, courts often stay discovery on Monell claims based on considerations of efficiency until it has been resolved whether the existence of an underlying violation of a constitutional right has been established. See e.g., Roper v. City of N.Y., 15 Civ. 8899 (PAE) (GWG), U.S. Dist. LEXIS (S.D.N.Y. Jan. 25, 2017); Brown v. City of N.Y., 13 Civ. 6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016). Should discovery proceed, defendant City will be moving to bifurcate Monell discovery.

Further, plaintiff's sprawling 65 page, 325 paragraph, 14 Cause of Action, Second Amended Complaint, is designed to open discovery on issues the breadth of which would be beyond vexatious. Worse yet, these plaintiff attorneys are trying to obtain the discovery that they could not obtain in Greene because the exact same claims were dismissed. This is not in good faith and they know it.

Third, there is no prejudice to plaintiff if the stay is granted. A delay alone does not constitute prejudice. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). In any event, any prejudice caused by a delay is greatly outweighed by the substantial burden of discovery that would be avoided if defendants' motion is granted, in whole or in part. Even if defendants' motion is granted in part, much of the vexatious discovery that plaintiff would argue for would be eliminated. It thus makes all the sense to have the motions to dismiss be decided before discovery (if any) proceeds.

Further, although plaintiff argues for discovery, courts within this Circuit have recognized, as a general proposition, that, to be entitled to discovery, a plaintiff must state a claim. Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich Am. Ins. v. Dah Sing Bank, Ltd., 03 CV 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., 11 CV 159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted."). Here, defendants have made strong arguments in their motion to dismiss that plaintiff has failed to plausibly state claims against them. As such, having failed to plausibly and sufficiently state claims against defendants, plaintiff has no right to discovery at this juncture.

As seen, defendants' motions to dismiss were fully briefed as of July 3, 2025. The Court has not set an initial conference in this case. On July 31, 2025, plaintiff's counsel requested a Rule 26(a) conference, signaling that they are ready to immediately start discovery in this case. For the reasons set forth herein, however, discovery should be stayed pending the outcome of defendants' motions to dismiss.

Thank you for your consideration herein.

Respectfully submitted,

Defendants' letter motion to stay discovery pending the Court's issuance of an opinion on the fully briefed motion to dismiss is hereby GRANTED. The Clerk of Court is respectfully directed to terminate the pending letter motion at ECF No. 86.

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc:    All Counsel (via ECF)

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

March 12, 2026
New York, NY

3